SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
==========================================X
DIOMINA ASTO,

                Plaintiff,

- against -

THERESA R. BETTER and ROBERTO BETTER,

                Defendants.
==========================================X

**SUMMONS**

Index No. c6933/07

Date Filed:

01/25/07

**TO THE ABOVE NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the date of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York and in case of your failure to appear and answer, judgment will be taken against you by default for the relief demanded.

    Plaintiff designates Bronx County as the place of trial.

    The basis of venue is CPLR 503(a).

    The foregoing paper is certified by the undersigned pursuant to Rule 130-1.1 of the Rules of the Chief Administrator:

Dated:      Port Chester, New York
                January 25, 2007

**KLEIN & FOLCHETTI**
Attorneys for Plaintiff

By: _____
    ROBERT W. FOLCHETTI
219 Westchester Avenue, 6th Floor
Port Chester, New York 10573
Tel. (914) 934-8792

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
=========================================X
DIOMINA ASTO,

                Plaintiff,                          **VERIFIED COMPLAINT**

    - against -

                                          Index No. 06933/07

THERESA R. BETTER and ROBERTO BETTER,

                Defendants.
=========================================X

    Plaintiff, by her attorneys, **KLEIN & FOLCHETTI**, complaining of the defendants herein, respectfully alleges the following:

    1.    That at all times herein mentioned, the plaintiff was a resident of the County of Westchester, State of New York.

    2.    That the plaintiff is currently a resident of the County of Fairfield, State of Connecticut.

    3.    That upon information and belief, and at all times herein mentioned, the defendants were and still are residents of the County of Fairfield, State of Connecticut.

    4.    That upon information and belief, and at all times herein mentioned, and more specifically on January 26, 2004, and prior thereto, the defendants herein were the owners, occupants, lessees and/or tenants of a certain piece of real property, including the buildings and improvements thereon, located at 179 Highland Street, in the Village of Port Chester, New York.

    5.    That upon information and belief, and at all times herein mentioned, and more specifically on January 26, 2004, and prior thereto, the defendants herein owned, controlled, occupied, operated, supervised, managed and maintained the aforesaid

premises as a two-family residence.

6. That upon information and belief, and at all times herein mentioned, and more specifically on January 26, 2004, and prior thereto, the defendants herein derived a benefit from a special use of a portion of the public way abutting the aforesaid premises, in that the public way provided access to the driveway of the aforesaid premises.

7. That upon information and belief, and at all times herein mentioned, and more specifically on January 26, 2004, and prior thereto, the aforesaid premises owned by the defendants herein derived a benefit from a special use of a portion of the public way abutting the aforesaid premises, in that the public way provided access to the driveway of the aforesaid premises.

8. That upon information and belief, and at all times herein mentioned, and more specifically on January 26, 2004, and for a long time prior thereto, the defendants herein were under a duty to own, provide, inspect, control, operate, supervise, manage, maintain and repair the driveway to the aforesaid premises, including the portion of the driveway located within the public roadbed right-of-way, in a safe and non-hazardous condition so that persons present thereat may be there in reasonable safety.

9. That upon information and belief, and at all times herein mentioned, and more specifically on January 26, 2004, at the time of the complained of events, plaintiff **DIOMINA ASTO** was lawfully present upon the aforesaid premises.

10. That upon information and belief, and at all times herein mentioned, and more specifically on January 26, 2004, driveway to the aforesaid premises, including the portion of the driveway located within the public roadbed right-of-way, was in a dangerous, defective and hazardous condition, and had been in a dangerous, defective and hazardous

condition for a long time prior to the date of the events complained of events.

11. That upon information and belief, and at all times herein mentioned, and more specifically on January 26, 2004, the defendants herein, their agents, servants and/or employees, knew, or in the exercise of reasonable care, should have known of the aforesaid dangerous, defective and hazardous condition.

12. That upon information and belief, and at all times herein mentioned, the defendants herein, their agents, servants and/or employees, caused and/or created the aforesaid dangerous, defective and hazardous condition.

13. That on or about January 26, 2004, at or about 5:10 in the evening, plaintiff **DIOMINA ASTO** was lawfully present on driveway to the aforesaid premises, including the portion of the driveway located within the public roadbed right-of-way, and was conducting herself in a safe, careful and prudent manner.

14. That on or about January 26, 2004, at or about 5:10 in the evening, and solely by reason of the carelessness, negligence, recklessness, fault, imprudence and other culpable conduct of the defendants herein, plaintiff **DIOMINA ASTO**, while walking at the aforesaid location in a safe, careful and prudent manner, was caused to slip and fall, and be violently precipitated to the ground, thereby sustaining the injuries hereinafter alleged.

15. That at all times herein mentioned, plaintiff **DIOMINA ASTO** conducted herself in a safe, careful and prudent manner.

16. That solely by reason of the carelessness, negligence, recklessness, fault, imprudence and other culpable conduct of the defendants herein, plaintiff **DIOMINA ASTO** was caused to suffer serious, severe and permanent personal injuries, all without any fault

or culpable conduct on the part of the plaintiff contributing thereto.

17. That this action falls under one or more of the exceptions of Section 1602 of Article 16 of the Civil Practice Law and Rules of the State of New York, and by reason thereof the limitations on joint and several liability contained in said Article do not apply to this action.

18. That the amount in controversy exceeds the jurisdictional limit of all lower courts which would otherwise have jurisdiction over this action.

19. That by reason of all of the foregoing, and solely as a result of the carelessness, negligence, recklessness, fault, imprudence and other culpable conduct of the defendants herein, plaintiff **DIOMINA ASTO** has suffered damage and injury and demands judgment against the defendants in a sum to be determined by the trier of fact of this action.

**WHEREFORE**, plaintiff demands judgment against the defendants in a sum to be determined by the trier of fact of this action, together with the costs and disbursements of this action, and such other and further relief which to this Court seems just and proper.

* * *

The foregoing paper is certified by the undersigned pursuant to Rule 130-1.1 of the

Rules of the Chief Administrator:

Dated:   Port Chester, New York
         January 25, 2007

                                                **KLEIN & FOLCHETTI**
                                                Attorneys for Plaintiff

                                                BY: _____
                                                    ROBERT W. FOLCHETTI
                                                219 Westchester Avenue, 6th Floor
                                                Port Chester, New York  10573
                                                Tel. (914) 934-8792

## VERIFICATION

The undersigned, under the penalties of perjury, affirms:

That I am **ROBERT W. FOLCHETTI**, a member of the law firm of **KLEIN & FOLCHETTI**; that I have read the attached **VERIFIED COMPLAINT** and know the contents thereof and the same are true to the best of my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true; that the grounds and sources of such belief are written statements, reports and memoranda in our file, as well as conferences had between myself and persons familiar with the circumstances underlying the allegations contained in said papers; and that the reason this verification is not made by the plaintiff herein is that said party does not reside in the county where deponent's office is located, at the present.

The foregoing paper is certified by the undersigned pursuant to Rule 130-1.1 of the Rules of the Chief Administrator.

Dated:   White Plains, New York
         January 25, 2007

                                    **KLEIN & FOLCHETTI**
                                    Attorneys for Plaintiff

                                    BY: _____
                                        ROBERT W. FOLCHETTI
                                    219 Westchester Avenue, 6th Floor
                                    Port Chester, New York  10573
                                    Tel. (914) 934-8792