## ARGUMENT

### *AS THERE HAS BEEN NO SHOWING OF SUBJECT MATTER JURISDICTION, THIS ACTION MUST BE REMANDED TO STATE COURT*

It is well-settled that, on a motion to remand an action to state court, the removing party bears the burden of establishing that the requirements for federal subject matter jurisdiction were met.[2] Compliance with the federal removal statute is viewed narrowly, with any doubts resolved against removability[3], and in favor of remand[4]. On a motion to remand, the district court must also view all evidence in the light most favorable to the party seeking remand.[5] The party invoking federal jurisdiction must prove the requirements of federal jurisdiction to a reasonable probability.[6]

As set forth in their Notice of Removal, the defendants herein claim that subject matter jurisdiction is conferred under the federal diversity jurisdiction statute, 28 USC §1332(a). Accordingly, the defendants herein have the burden of demonstrating not only that there is complete diversity of citizenship, but also that the amount in controversy,

---

[2] *McNutt v. General Motors Acceptance Corp.*, 298 US 178, 183, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 295-96 (2d Cir. 2000); *Advani Enter., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998); *Gilman v. BHC Securities, Inc.*, 104 F.3d 1418, 1421, 1428 (2d Cir. 1997); *Sclesa v. City Univ. of N.Y.*, 76 F.3d 37, 40 (2d Cir. 1996); *United Food & Commercial Workers Union Local 919 v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 304-05 (2d Cir. 1994); *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979); *Vasura v. Acands*, 84 F.Supp.2d 531, 533 (SDNY 2000); *Rosenberg v. GMV Travel, Inc.*, 480 F.Supp. 95, 96 (SDNY 1979).

[3] *Gilman*, supra at 1428; *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir.1994); *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir.1991).

[4] *Vasura*, supra; *Miller v. First Security Investments, Inc.*, 30 F.Supp.2d 347, 350 (EDNY 1998); *Leslie v. BancTec Service Corp.*, 928 F.Supp. 341, 347 (SDNY 1996).

[5] *Matsumura v. Benihana Nat. Corp.*, Slip Copy, 2007 WL 1489758, S.D.N.Y., May 21, 2007 (No. 06 Civ. 7609 [NRB]); *National Union Fire Ins. Co. of Pittsburgh, PA v. BP Amoco P.L.C.*, Not Reported in F.Supp.2d, 2003 WL 1618534, S.D.N.Y., March 27, 2003 (NO. 03 CIV. 0200 [GEL]); *Vasura*, supra.

[6] *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.1994).

exclusive of interest and costs, exceeds the sum of $75,000.00.[7]

A federal court considering an application for remand should evaluate the existence of the amount in controversy on the basis of the pleadings existing when the defendant filed the notice of removal.[8]

> A case is removable when the initial pleading "enables the defendant to 'intelligently ascertain' removability from the face of such pleading, so that in its petition for removal[, the] defendant can make a short and plain statement of the grounds for removal as required [by] 28 U.S.C. §1446(a)." (Citations omitted.)  A pleading enables a defendant to intelligently ascertain removability when it provides "the necessary facts to support [the] removal petition." (Citations omitted.)  In cases where removal is based upon diversity, the facts required to support the removal petition include the amount in controversy and the address of each party. (Citation omitted.) While this standard requires a defendant to apply a reasonable amount of intelligence in ascertaining removability, it does not require a defendant to look beyond the initial pleading for facts giving rise to removability. See e.g., Rowe, 750 F.Supp. at 720 ("a defendant must be able to ascertain easily [from the pleading] the necessary facts to support his removal petition.") (internal quotation marks/citations omitted); see also Foster v. Mutual Fire, Marine & Inland Ins. Co., 986 F.2d 48, 54 (3d Cir.1993) ("the relevant test is not what the defendants purportedly knew, but what [the document] said.")....Federal diversity jurisdiction and, hence, removability, could not have been ascertained from the face of Whitaker's summons with notice.[9]

At the time this case was removed by the defendants, the complaint was the only pleading in existence. As demonstrated in the annexed Affirmation and in the documents on file with the Court, the complaint in this action makes no claim for any specific amount of damages, and is therefore insufficient to satisfy the amount in controversy element of diversity jurisdiction. As the Complaint is inadequate to establish the required amount in

---

[7] 28 USC §1332(a)(1).

[8] *Blockbuster, Inc., v. Galeno*, 472 F.3d 53, 57 (2d Cor. 2006); *Vera v. Saks & Co.*, 335 F.3d 109, 116 n. 2 (2d Cir .2003); *Davenport v. Procter & Gamble*, 241 F.2d 511, 514 (2d Cir. 1957).

[9] *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001).

controversy, this Court must look to the removal notice.[10] As stated above, the Notice of Removal in this action provides no further information with regard to the amount in controversy. Under such circumstances, the Second Circuit Court of Appeals has held that…

> if the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court.[11]

Where the complaint does not set forth a claim of damages sufficient to satisfy the minimum amount in controversy, the defendant's speculation or conclusory prediction as to how much that the plaintiff will claim is insufficient to demonstrate, to a reasonable probability, the required amount in controversy.[12]

As the Second Circuit made clear in *United Food & Commercial Workers Union*:

> Indeed, the only reference to any amount in controversy we find in the record is the Union's boilerplate demand statement, as required by Connecticut state court procedure in all actions, whether legal or equitable, that it seeks relief in excess of $15,000. Such a boilerplate demand statement setting forth an open-ended demand for an amount in excess of $15,000, without more, falls well short of the type of proof we require from defendants to establish that the $50,000 amount in controversy requirement is met in an action seeking primarily injunctive relief. In keeping with the established view that "plaintiff is the master of [its] claim" whose monetary demand is to be accorded deference, see 14A Wright & Miller § 3702, at 22-23 & n. 15 (and cases cited therein), we conclude that the pleadings alone are insufficient to

---

[10] *Lupo*, supra at 273-74; *Leslie*, supra; *Pirenne Python Schifferli Peter & Associes v. Wyndham Partners, L.P.*, No. 92 Civ. 9252, 1995 WL 261512, at *1 (SDNY May 3, 1995).

[11] *Lupo*, supra; see also *Gilman*, supra at 1428.

[12] *Gilman*, supra at 1428; see also *McNutt*, supra at 189; *United Food & Commercial Workers Union*, supra at 304-05.

establish that the amount in controversy exceeds $50,000 in this case.[13]

In a similar holding in **Lupo v. Human Affairs Intern.**[14], the Second Circuit not only held that the District Court lacks jurisdiction under such circumstances, but also held that the defendant is not entitled to have the amount in controversy issue remanded for reconsideration on a supplemental record:

> Thus, because Lupo's complaint does not allege an amount in controversy in excess of $50,000, and HAI failed in its notice of removal to assert any amount in controversy or even raise the issue of diversity jurisdiction, we lack subject matter jurisdiction over the present case....At oral argument, HAI sought a remand ... to give [it] an opportunity to establish the requisite jurisdictional amount in controversy. We decline to accept this invitation for several reasons. First, allowing a hearing to determine the amount in controversy when the removal petition fails even to allege the proper amount in controversy contradicts McNutt's admonition that "[i]f [the defendant] fails to make the necessary allegations he has no standing." (Citation omitted.) Second, we are mindful [that the] right to remove a state court action to federal court on diversity grounds is statutory (citation omitted) and must therefore be invoked in strict conformity with statutory requirements (citation omitted).[15]

Similar to the facts in the instant case, in **Johnson-Kamara v. W. Chacon Trucking**[16], the *ad damnum* was silent as to the amount of damages and the Notice of Removal failed to provide any objectively reasonable basis for defendant's conclusion that the amount in controversy requirement was satisfied. In remanding the case based on the defendant's inadequate showing of subject matter jurisdiction, the Court held:

---

[13]   **United Food & Commercial Workers Union Local 919**, supra.

[14]   Supra.

[15]   Supra at 274.

[16]   Not Reported in F.Supp.2d, 2006 WL 336041, S.D.N.Y., February 09, 2006 (No. 05 Civ. 9900 [JFK][THK]).

In light of the foregoing, the Court cannot ascertain from the face of the complaint that the plaintiff's injury combined with her economic loss would result in a claim against the defendants in excess of the $75,000 requirement. (Footnote omitted.) As the defendants are the parties asserting the jurisdiction, they must complete the picture. Instead, they make only the conclusory statement that the amount in controversy exceeds $75,000. They fail to justify this statement with any factual support, as is required by Lupo. The burden is not meant to be onerous, see Scherer v. Equitable Life Assurance Soc'y of the U.S., 347 F.3d 394, 397 (2d Cir.2003), but without a clear indication in the complaint that the amount-in-controversy requirement is met, defendants must give the court something in the way of a factual explanation to support the removal. They have failed to do so under a preponderance of the evidence, or any other, standard.[17]

As demonstrated in the annexed Affirmation and exhibits, the defendants' Notice of Removal fails to adequately address the amount in controversy element required to sustain their claim of diversity jurisdiction. Not having made any adequate allegations to support the claim of federal jurisdiction, the defendants have no standing to seek further proceedings in this Court to satisfy the amount in controversy requirement. Furthermore, as the statutory right of removal is to be strictly construed, with all doubts resolved against removability and in favor of remand, and with all evidence viewed in the light most favorable to the party seeking remand, the defendants have completely failed to satisfy their burden by any quantum of proof, nevertheless by the required standard of "reasonable probability."

## THIS MOTION IS TIMELY

Pursuant to 28 USC §1447(c), a Motion to Remand based on a defect in the removal procedure must be made within thirty days of the filing of the Notice to Remove.

---

[17]   Id.