However, the same provision requires the District Court to remand an action at any time before final judgment if it appears that subject matter jurisdiction is lacking.

A remand based on lack of subject matter jurisdiction is mandatory, as subject matter jurisdiction cannot be conferred by error, by stipulation of the parties, or otherwise. Therefore the issue of lack of subject matter jurisdiction is always ripe. As this motion is based on lack of subject matter jurisdiction, it can be timely made at any time prior to final judgment.

The instant motion, made on the ground that this Court lacks subject matter jurisdiction, and made within thirty days from the filing of the Notice of Removal, is timely under either prong of §1447(c).

### *ATTORNEYS' FEES UNDER 28 USC §1447(c)*

Removal is effected by a unilateral notice, without the benefit of judicial review. Improper use of that simplified procedure exposes the plaintiff to the possibility of abuse, unnecessary expense and harassment, and requires the plaintiff to appear in federal court, prepare motion papers and litigate, merely to get the action returned to the court where the plaintiff initiated it.'[18]

An award of attorneys fees and costs under 28 USC §1447(c) is meant to deter improper removal.[19]  It is well-settled that attorney's fees for improper removal may be granted only where the removing party lacked an objectively reasonable basis for seeking

---

[18]     *Circle Industries USA, Inc. v. Parke Const. Group*, 183 F.3d 105, 109 (2d Cir.1999); see also *Wilds v. United Parcel Service, Inc.*, 262 F.Supp.2d 163, 172 (SDNY 2003); *Nemazee v. Premier, Inc.*, 232 F.Supp.2d 172, 181 (SDNY 2002).

[19]     *Circle Industries USA, Inc. v. Parke Const. Group*, 183 F.3d 105, 109 (2d Cir.1999); *Nemazee v. Premier, Inc.*, 232 F.Supp.2d 172, 181 (SDNY 2002).

removal.[20]  In the absence of any reasonable basis for removal, an award under §1447(c) is appropriate.[21]   In the Second Circuit, Courts examine the strength of defendant's arguments for the unsuccessful removal in determining whether to award costs and fees.[22] An award of fees is appropriate where the basis for the removal has been previously rejected.[23]

An award of attorney fees on a motion for remand does not require a finding of the defendants' bad faith, but rather the courts exercise their discretion based on considerations of overall fairness, given the nature of the case, the circumstances of the remand, and the effect on the parties.[24]  Courts may certainly award fees under §1447(c) when the removing party has acted in bad faith, or when the removal was predicated upon diversity of citizenship that clearly does not exist.[25]

An award of attorney fees has been held appropriate where the plaintiffs opted to litigate relatively simple claims in state court, but removal complicated the case, and it would be unfair to require plaintiffs or their counsel to absorb the cost of the remand

---

[20]    *Martin v. Franklin Capital Corp.*, 546 US 132, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).

[21]    *Children's Village v. Greenburgh Eleven Teachers' Union Federation of Teachers, Local 1532*, 867 F.Supp. 245 (SDNY 1994); *Memorial Hospital v. Empire Blue Cross*, Not Reported in F.Supp.2d, 1994 WL 132151 at 1, SDNY, April 12, 1994 (No. 93 Civ. 6682 [JSM]).

[22]    *Gehm v. New York Life Ins. Co.*, 992 F.Supp. 209, 212 (EDNY 1998); *Schepis v. Local Union No. 17, United Bhd. of Carpenters & Joiners of Am.*, 989 F.Supp. 511, 518 (SDNY 1998); *Wallace v. Wiedenbeck*, 985 F.Supp. 288, 291 (NDNY 1998).

[23]    *Fein v. Chrysler Corp.*, Not Reported in F.Supp.2d, 1998 WL 34032284, EDNY, September 29, 1998 (No. CV-98-4113 [CPS]).

[24]    *Lynch v. Waldron*, Not Reported in F.Supp.2d, 2005 WL 1162453, SDNY, May 17, 2005 (No. 05 Civ. 2274 [GEL]); *Greenidge v. Mundo Shipping Corp.*, 60 F.Supp.2d 10, 12 (EDNY 1999).

[25]    *Syms, Inc. v. IBI Security Services, Inc.*, 586 F.Supp. 53 (SDNY 1984); *Zimmerman v. Conrail*, 550 F.Supp. 84 (SDNY 1982).

motion, which did nothing to advance their case.[26]  Fees were also found appropriate where the defendants removed the action despite the absence of diversity jurisdiction, thereby wasting valuable court time and forcing plaintiffs' counsel to expend time in effecting the remand.[27]  An award of fees is also appropriate where there is no authority on which to invoke federal subject matter jurisdiction, especially in light of the principle that the removal statute is to be construed narrowly against removability.[28]

As in the cited cases, the award of attorneys' fees and costs is also appropriate in this case.  There was absolutely no possibility (nevertheless a "reasonable probability") that the pleadings existing at the time of the removal supported the required amount in controversy.  Despite the complaint's deafening silence as to the amount of damages, the defendants' Notice of Removal set forth no additional information or factual allegations to support the amount in controversy requirement.  As a result, the defendants' claim of federal subject matter jurisdiction is fatally flawed.

Given the essential and fundamental nature of the amount in controversy requirement, and given the long-established case law in this Circuit which holds a defendant's conclusory prediction (as to the amount of damages claimed) insufficient to satisfy the amount in controversy requirement, there was absolutely no objectively reasonable basis for the defendants' removal of this case.  The defendants' improper removal has done nothing to further the simple claim which the plaintiff chose to litigate in state court. In fact, the improper removal has served only to delay the plaintiff's action,

---

[26]     ***Lynch***, *supra*; ***Greenidge***, *supra*.

[27]     ***Ortiz v. Pierce***, Not Reported in F.Supp., 1998 WL 566635, EDNY, June 17, 1998 (No. 97 CV 250).

[28]     ***Mopaz Diamonds, Inc. v. Institute of London Underwriters***, 822 F.Supp. 1053, 1058 (SDNY 1993).

cause the plaintiff to incur additional time and expense in seeking remand, and waste this Court's time which will be spent adjudicating the motion for remand.

## CONCLUSION

Inasmuch as it is clear that the instant action does not meet the minimum requirements for diversity jurisdiction, this action should be remanded to state court for all further proceedings. Inasmuch as there was no reasonable probability that the pleadings established the required amount in controversy at the time of removal, and inasmuch as the defendants' arguments in support of removal were patently inadequate and had been previously rejected by Courts in this Circuit, an award of attorneys's fees and costs to the plaintiff is appropriate.

For all of the aforesaid reasons, it is respectfully urged that the plaintiffs' motion should be granted in its entirety.

Dated:      Port Chester, New York
            June 22, 2007

                                        KLEIN & FOLCHETTI
                                        Attorneys for Plaintiff

                                        BY: _Robert G. A..._
                                            ROBERT W. FOLCHETTI (RF0527)
                                            A Member of the Firm
                                            219 Westchester Avenue, 6th Floor
                                            Port Chester, New York  10573
                                            Tel. (914) 934-8792

To:    Law Office of Thomas K. Moore
       Attorneys for Defendants
       701 Westchester Avenue, Suite 101W
       White Plains, New York  10604
       Tel. (914) 285-8500

-10-