UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==========================================X
DIOMINA ASTO,

                Plaintiff,                      ECF CASE

- against -                              Docket No. 07 CIV 4787
                                                  (UA)(GAY)
THERESA R. BETTER and ROBERTO BETTER,        WP4

                Defendants.
==========================================X

## DECLARATION IN SUPPORT

**ROBERT W. FOLCHETTI**, pursuant to 28 U.S.C. §1746, duly declares under penalty of perjury, as follows:

    1.     That I am an attorney duly admitted to the practice of law before the United States District Courts for the Southern and Eastern Districts of New York. I am a member of Klein & Folchetti, the attorneys for the plaintiffs in this action, and as such am fully familiar with the facts and circumstances asserted herein.

    2.     The instant action was commenced by the plaintiff on January 25, 2007. The action was commenced in the Supreme Court of the State of New York, Bronx County, by filing a copy of the summons and complaint with the office of the Bronx County Clerk. Service was effected on each of the defendants on May 15, 2007. On June 5, 2007, counsel for the defendants filed with the Clerk of this Court and served upon the undersigned a Notice of Removal. The Notice of Removal is docketed as Document 1 for this action. A copy of the summons and complaint is annexed as Exhibit A to the Notice of Removal, and is docketed as Document 1-2 for this action.

    3.     The action is a personal injury claim founded on common-law principles of

negligence. The complaint sets forth one cause of action sounding in premises liability.

4. The basis of removal is the defendants' claim that subject matter jurisdiction is statutorily conferred under the federal diversity of citizenship statute (28 U.S.C. §1332[a]). As addressed in the *Memorandum of Law* served together herewith, in order for there to be subject matter jurisdiction based on diversity of citizenship, the citizenship of the plaintiffs and the defendants must be completely diverse, and the action must have an amount in controversy in excess of $75,000.00, exclusive of interest and costs. The plaintiff's motion to remand is based on the defendants' failure to satisfy the minimum amount in controversy requirement.

## **AMOUNT IN CONTROVERSY**

5. Addressing the amount in controversy branch of the diversity analysis, the defendants state only that: "Upon information and belief, Plaintiff herein seeks monetary damages in excess of $75,000.00 exclusive of interests [sic] and costs, based upon the claims in the complaint that plaintiff was caused to suffer 'serious, severe and permanent personal injuries'." However, defendants mis-state the plaintiff's claim. The plaintiff, under the constraint of New York Civil Practice Law and Rules 3017(c), has not pleaded any specific amount in controversy. Rather, as required, the plaintiff has generally addressed the question of damages in three paragraphs of the complaint, by claiming that the damages exceed the jurisdictional limit of all other lower courts, and by demanding damages in an amount to be determined by the trier of fact. The relevant paragraphs are as follows:

> 18. That the amount in controversy exceeds the jurisdictional limit of all lower courts which would otherwise have jurisdiction over this action.

19. That by reason of all of the foregoing, and solely as a result of the carelessness, negligence, recklessness, fault, imprudence and other culpable conduct of the defendants herein, plaintiff **DIOMINA ASTO** has suffered damage and injury and demands judgment against the defendants in a sum to be determined by the trier of fact of this action.

**WHEREFORE**, plaintiff demands judgment against the defendants in a sum to be determined by the trier of fact of this action, together with the costs and disbursements of this action, and such other and further relief which to this Court seems just and proper.

6. The reference to lower courts which would otherwise have jurisdiction is not sufficient to constitute a claim for damages in excess of $75,000.00 as no lower Court's jurisdictional limit nears that amount.[1] It remains to be seen whether damages in this case are ultimately awarded in an amount which would satisfy the minimum amount in controversy for diversity jurisdiction. The information available from the Complaint and the Notice of Removal does not establish, to a reasonable probability, the minimum amount in controversy. The defendants' bare reliance on a boilerplate claim that the plaintiff sustained "serious, severe and permanent personal injuries" is insufficient to carry this burden.

7. Inasmuch as the defendants have failed to make the requisite showing as to subject matter jurisdiction, this Court is without authority to entertain this action, and therefore must remand it to the Court of origin.

---

[1] The relevant jurisdictional limits are: New York City Civil Court - $25,000.00; City Courts outside of New York City - $15,000.00; Town or Village Justice Courts - $3,000.00.

## ATTORNEYS' FEES

8.   As stated above, the plaintiff's complaint makes no demand for damages in any specific dollar figure.  The only basis for the assertion that the plaintiff claims damages in excess of the sum or value of $75,000, exclusive of interest and costs, is defense counsel's surmise, predicated on the claim that the plaintiff sustained "serious, severe and permanent personal injuries."  As discussed in the *Memorandum of Law* served together herewith, it is already well-settled in this circuit that such boilerplate claims do not satisfy the defendants' burden to demonstrate the minimum amount in controversy.

9.   As this principal is well-settled, and as there was not even an attempt to satisfy the minimum amount in controversy through any other submission, and as the defendants' removal is an expedited, *ex-parte* procedure, the plaintiff was required to exert additional time and effort which would not have been required had the defendants not improperly removed this action.  Although neither bad faith nor frivolous conduct need be shown to warrant an award of attorneys' fees, the relative strength (or weakness) of the basis for the unsuccessful removal is significant.  Also significant is the fact that the plaintiff was compelled to additional litigation which will not advance her case, but is only designed to return her case to the forum which she initially and properly designated.

## CONCLUSION

10.   For all of the reasons stated herein, it is respectfully submitted that the instant action must be remanded to the Supreme Court of the State of New York, County of Bronx.  Furthermore, it is respectfully submitted that the plaintiff should be awarded costs and attorneys' fees in connection with the remand, as the basis for the defendants' removal was patently insufficient, and caused the plaintiff additional time, labor and expense which,

in all fairness, should be assessed against the defendants who were the cause of that unnecessary burden.

**WHEREFORE**, it is respectfully requested that this action be remanded to the Supreme Court of the State of New York, County of Bronx, on the ground that the defendants have failed to satisfy their burden of proof of demonstrating, to a reasonable probability, that this Court has diversity-based subject matter jurisdiction over this action.

Dated:     Port Chester, New York
           June 22, 2007

**KLEIN & FOLCHETTI**
Attorney for Plaintiff

BY: _____
ROBERT W. FOLCHETTI (RF 0527)
219 Westchester Avenue, 6th Floor
Port Chester, New York 10573
Tel. (914) 934-8792

To:   Law Office of Thomas K. Moore
      Attorneys for Defendants
      701 Westchester Avenue, Suite 101W
      White Plains, New York 10604
      Tel. (914) 285-8500