0877490
BJP/hs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DIOMINA ASTO,

                         Plaintiff,

    -against-

THERESA R. BETTER and ROBERTO BETTER,

                        Defendants.
-----------------------------------------------------------------x

**AFFIRMATION
IN OPPOSITION**

07 Civ. 4787 (GAY)
ECF CASE

      BRIAN J. POWERS, an attorney duly licensed to practice law in the Courts of the State of New York and duly admitted to practice before the Southern District of New York, hereby affirms pursuant to 28 U.S.C. §1746 the truth of the following under the penalties of perjury:

      1.    I am an attorney associated with the Law Office of Thomas K. Moore, attorneys for the defendants, THERESA R. BETTER and ROBERTO BETTER, and I submit this affirmation in opposition to plaintiff's motion seeking to remand this case to Supreme Court, Bronx County, and for an award of attorney's fees.

      2.    Plaintiff initially commenced this personal injury action in Supreme Court, Bronx County. By her complaint, plaintiff claimed she suffered "serious, severe and permanent personal injuries" as a result of an alleged fall that occurred on January 26, 2004 in the driveway of Defendants' premises. As per CPLR §3017(c), the complaint did not state a specific amount of damages plaintiff claims she is entitled to.

      3.    I have been advised by Karen G. Brown, the claims representative handling this matter for The Travelers Indemnity Company (Defendants' insurer), that Plaintiff's attorney advised her that plaintiff had suffered a fractured right tibia and fibula

and that she also lost time from work as a result of the claimed injuries. Ms. Brown has further advised that although she requested them, Plaintiff's counsel has not sent any medicals records concerning the injuries or treatment that Plaintiff has received.

      4. Based upon the allegations claimed in the complaint that plaintiff suffered "serious, severe and permanent personal injuries" and the information imparted to Travelers that plaintiff suffered a fractured tight tibia and fibula, it appeared that the jurisdictional threshold for a diversity action had been met, particularly in the venue (i.e. Bronx County) where plaintiff originally brought this action.

      5. Thereafter, I timely filed a "Notice of Removal" with the Clerk of the Court on June 5, 2007. I note that no claim is made with respect to Plaintiff's remand motion that the removal was untimely.

      6. In a telephone conference with Magistrate Judge George A. Yanthis on June 21, 2007, plaintiff's attorney indicated to the Court that he intended to make a motion to remand this matter to Supreme Court, Bronx County based upon the theory that Defendants have not shown that the $75,000 jurisdictional threshold has been met.

      7. In that conference, I advised Judge Yanthis that I would consent to the remand if Plaintiff would be willing to stipulate that the case did not meet the $75,000 jurisdictional threshold. Plaintiff's counsel, Robert Folchetti, advised Judge Yanthis that he would **not** do that. The court then set a motion schedule for the service and filing of papers on this issue.

      8. In his motion, Plaintiff's counsel seeks to take refuge behind the pleading provisions of CPLR §3017(c), which now mandate that a specific amount claimed not be included in the complaint, and urges this Court remand this matter on the hyper-technical claim that since plaintiff "has not pleaded any specific amount in controversy" (see Folchetti Declaration in Support, para. 5), the monetary jurisdictional basis in this diversity action has not been met.

9. Your affirmant also notes to date that plaintiff has not filed her Rule 26 Disclosure which requires, inter alia, the computation of "any category of damages claimed". Clearly, such disclosure would be relevant in the inquiry as to whether the $75,000 jurisdictional threshold has been met. Your affirmant notes that the Defendants' Rule 26 Disclosure sets forth that they are insured by Travelers with a policy limit of $300,000.

10. In addition, Plaintiff has yet to respond to the interrogatories served on June 8, 2007. Those interrogatories requested, among other things, that plaintiff "State the manner of computation of each category of damage alleged." A copy of said interrogatories is annexed hereto as Exhibit "A". Again, such response would be relevant in the inquiry as to whether the $75,000 jurisdictional threshold has been met.

11. Your affirmant also notes that in his carefully drafted "Declaration in Support", Plaintiff's counsel not only fails to advise this Court of the damages plaintiff seeks, but the papers fail to advise the Court in any manner of the claimed injuries that plaintiff suffered so that the Court can make a reasoned determination whether the amount in controversy has been met here.

12. It is respectfully submitted that under the circumstances here, the Court should not countenance Plaintiff's failure to provide certain basic information as a basis for granting the affirmative relief she seeks.

13. I have included as Exhibit "B" jury verdicts and settlements of various cases from Bronx County, where this case was originally venued, which show the verdicts and settlements of cases where the plaintiff suffered a tibia/fibula fracture. As can be seen from those cases, none of which involved surgery as I understand is the situation with this plaintiff here, these cases range from $180,00 to $500,000, and all of which are at least ten (10) years old. Thus, based upon the injury I understood Plaintiff

suffered here and the fact that she venued this case in Bronx County[1], it seemed apparent that the claim for damages would exceed $75,000.

14. It is respectfully submitted that the fact that no amount is specified in plaintiff's complaint does not bar a finding by this Court that the jurisdictional limit has been met. As District Judge Scheindlin recently held, "In such cases, courts examine the nature of the claims, factual allegations within the pleadings, and the record outside the pleadings to determine the amount in controversy." Burr v. Toyota Motor Credit Co., 478 F. Supp. 2d 432 (S.D.N.Y., 2006).

15. Also instructive is the case of Schwenk v. Cobra Manufacturing, 322 F. Supp. 2d 676 (E.D. Va., 2004). For in Schwenk, the Court noted, inter alia, that plaintiff alleged "serious and permanent injuries", never forwarded any information regarding the alleged damages despite requests for same, and was requested but refused to admit or stipulate that the total damages "do not exceed $75,000". In denying the motion to remand the matter to state court, the noted at page 679 that in determining the amount in controversy, the Court was not bound by the amount Plaintiff pleads in the state action but should look at the totality of circumstances in making that determination. Manifestly, such should occur here.

16. At bar, it is manifest that the plaintiff is coyly involved in gamesmanship with the Court by failing to provide this Court and the Defendants with any information concerning the plaintiff's injuries or the amount in controversy. The reality is that in the event that the case is remanded to state court, Defendants will then serve Plaintiff with a request for a supplemental demand pursuant to CPLR 3017(c) requiring the Plaintiff to set forth the total damages Plaintiff deems herself to be entitled. Should the plaintiff at that point set forth that her damages are at least $75,000, then the case would be clearly subject to removal. Indeed, the situation as encountered here was noted in the

---

[1] Venue is normally determined by the residence of one of the parties, as per New York CPLR 503. Where, as here, none of the parties is a resident of the state, CPLR 503 allows a plaintiff to designate any county for venue purposes. Here, plaintiff was clearly forum shopping and chose Bronx County, a county known to be extremely plaintiff friendly.

Supplementary Practice Commentary by David D. Siegel to CPLR 3017. See Book 7B, CPLR 3014 to 3100, 2006 Cumulative Pocket Part, pages 86-87.

17. Lastly, it is further submitted Plaintiff's request for attorney's fees pursuant to 28 U.S.C.1447(c) should be denied. Contrary to counsel's claim in paragraph 9 of his Declaration in Support, any "additional time and effort" was borne solely because of counsel's actions. As noted above, Defendants said they would consent to a remand to state court if Plaintiff would stipulate that her damages would not exceed $75,000. Mr. Folchetti in the June 21 telephone conference with the Court refused to do so. Since removal of this action, plaintiff has failed to provide Rule 26 disclosure which clearly would shed a light as to claimed damages and as of this date, and has likewise failed to respond to the interrogatories previously served which responses would similarly shed a light as to claimed damages. If anything, based upon all that has transpired to date, it is the Defendants who should be awarded attorney's fees.

**WHEREFORE**, your affirmant respectfully requests that the plaintiff's motion be, in all respects, denied.

Dated: White Plains, New York
       July 6, 2007

                                                                                                                                          /s/
                                                      BRIAN J. POWERS (BP-1992)