UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
=========================================X
DIOMINA ASTO,

                  Plaintiff,                       ECF CASE

     - against -                   Docket No. 07 CIV 4787
                                            (UA)(GAY)
THERESA R. BETTER and ROBERTO BETTER,         WP4

                  Defendants.
=========================================X

### *DECLARATION IN REPLY*

      **ROBERT W. FOLCHETTI**, pursuant to 28 U.S.C. §1746, duly declares under penalty of perjury, as follows:

      1.     That I am an attorney duly admitted to the practice of law before the United States District Courts for the Southern and Eastern Districts of New York.  I am a member of Klein & Folchetti, the attorneys for the plaintiffs in this action, and as such am fully familiar with the facts and circumstances asserted herein.

      2.     Currently before this Court is the plaintiff's motion to remand this action to State Court.  The defendants have opposed the plaintiff's motion, claiming that remand is not warranted, given the plaintiff's "refusal" to either state an amount certain in controversy or stipulate to damages below the amount of $75,000.  This Declaration is submitted in reply to the defendants' arguments, and in further support of the plaintiff's Motion for Remand.

      3.     The defendants' opposition is inadequate to warrant denial of the plaintiff's motion.  Contrary to the defendants' assertions, the plaintiff is not responsible to plead her Complaint in such a way that the defendants need go no further to satisfy their burden on

removal.  Nor must the plaintiff, in order to avoid an improper removal, responsible to stipulate to damages below the minimum amount in controversy for federal diversity jurisdiction.

### *REMAND*

4.     As set forth in the initial moving papers, the defendant carries the burden of satisfying the elements of diversity jurisdiction and the removal statute is narrowly construed, with all doubts resolved in favor of remand.  In this case, the defendant failed to satisfying the amount in controversy element of diversity jurisdiction.  Neither the pleadings in existence at the time of removal nor the Notice of Removal itself sets forth any information sufficient for the Court to determine that the minimum amount in controversy is satisfied.  Furthermore, the defendants have failed to even submit any admissible evidence as to the nature of the injury claimed, setting forth only the second-hand hearsay account of the claims examiner who was assigned the case after suit was commenced.

5.     Contrary to defense counsel's claim, the undersigned is not "taking refuge" behind CPLR 3017(c).  The defendants, in their haste to remove this case from Supreme Court, Bronx County, filed a premature Notice of Removal.  As correctly stated in their opposition papers, the defendants could have timely filed their Notice of Removal after having received a Supplemental Demand for Damages of another pleading which first put them on notice that the minimum amount in controversy is satisfied.  However, they chose not to do so, thereby limiting the information on which the remand issue must be resolved to that set forth in the Complaint and the Notice of Removal.

6.     Having chosen their course, and having failed to make the necessary

showing that this Court has subject matter jurisdiction over the action, the defendants are not entitled to remand for the purposes of developing a supplemental record on which to base removal.[1]    Accordingly, their removal must stand or fall on the contents of the Complaint and the Notice of Removal.   The estoppel-based arguments and anecdotal submissions of verdicts in other cases have no bearing on the resolution of the issues before the Court.  (Furthermore, as the amount of damages sustained is unique to each case, the submission of awards in other cases is irrelevant.)  Even if timely submitted and admissible on this issue, those submissions have no bearing beyond their own particular circumstances.   Certainly these anecdotal submission do not establish, to the required "reasonable probability" standard, that the minimum amount in controversy is satisfied in this case.

7.      In opposition to the plaintiff's properly supported Motion for Remand, defense counsel also argues that the plaintiff has not served any Rule 26 Disclosures or Responses to Interrogatories.  However, at the very same telephone conference which defense counsel refers to in his opposition, it was decided that the scheduling of discovery would abide the determination of issue of subject matter jurisdiction.  Furthermore, neither Rule 26 Disclosures nor Responses to Interrogatories would retroactively provide the defendants with the information required at the time the Notice of Removal was filed.

8.      Defense counsel's reliance on ***Burr v. Toyota Motor Credit Co.***[2] Is not particularly persuasive.  In a similar case also based on New York State Insurance Law

---

[1]      See footnote 14 in the *Plaintiff's Memorandum of Law*, 06/22/07.

[2]      478 F.Supp.2d 432 (SDNY 2006).

5102(d), this Court found that the boilerplate allegations of "serious injury" did not satisfy the amount in controversy requirement.[3]  More importantly however, the **Burr** decision cannot be reconciled with the Second Circuit's admonition that the jurisdictional amount be **_clearly_** alleged in the plaintiff's complaint or the notice of removal allege facts adequate to establish that the amount in controversy.[4]

9.    Likewise, the defendant's reliance on **Schwenk v. Cobra Manufacturing**[5] is also not persuasive, as the boilerplate demand suffers from the same lack of clarity. In addition, the law in the Second Circuit is clear that the grounds for removal must be clear at the time the Notice for Removal is filed.  In this case, the defendants' requests for information/discovery and the defendants' request for a stipulation limiting damages, none of which were made until after the filing of the Notice of Removal, have no bearing on the determination of the issues presented in this case.  The only relevant facts are those which were ascertainable at the time of the removal.

10.    Defense counsel also claims that the remand motion should be denied since, if it is remanded, he will just remove the case again once he obtains the requisite information to establish the required amount in controversy.  This argument is also unavailing, as the defendants are not entitled to unlimited bites at the apple.  The Second Circuit has held that defendants are entitled to remand for the purposes of developing a supplemental record on which to base removal.  This Court is to decide the subject matter

---

[3]    See footnote 16 in the *Plaintiff's Memorandum of Law*, 06/22/07.

[4]    See footnote 11 in the *Plaintiff's Memorandum of Law*, 06/22/07.

[5]    322 F.Supp.2d 676 (EDVa 2004).

jurisdiction of this Court based upon the facts contained in Complaint and in the Notice of Removal. It was the defendants' option to develop a fuller record before filing the Notice of Removal. Having chosen not to do so, the defendants cannot be heard to complain that the plaintiff refused to provide them information necessary to provide after the fact support for their premature removal.

11.    Inasmuch as the defendants have failed to make the requisite showing as to subject matter jurisdiction, this Court is without authority to entertain this action, and therefore must remand it to the Court of origin.

### *ATTORNEYS' FEES*

12.    The defendants oppose the plaintiff's proper request for attorney's fees on the ground that the undersigned has engaged in forum shopping and gamesmanship. These claims are utter nonsense.

13.    The undesigned has engaged in no gamesmanship. The law is well-settled that the burden is on the removing party and that the facts to support removal must be ascertainable at the time of removal. As the exchange of discovery in this case was to abide this Court's decision on the remand motion, the fact that no discovery has yet been provided Is consistent with this Court's directive at the June 21 telephone conference. Furthermore, any discovery provided at this time will not retroactively validate the improper and unfounded Notice of Removal filed by the defendants.

14.    Defense counsel also makes the baseless claim that the undersigned has engaged in forum shopping. Such is not the case. The plaintiff engaged in forum selection, based on the principles of law applicable to the facts of the case. The plaintiff's

selected forum is a proper forum supported by specific legal authority of CPLR 503. The fact that the plaintiff chose a forum which is more "plaintiff-friendly" that other available counties does not render the selection forum shopping. On the other hand, the defendants have attempted to remove the case to this Court, which is a more conservative forum and more "defendant friendly." Yet defense counsel did so at a time when the removal was not sustainable, as there was no ascertainable information sufficient to support the minimum amount in controversy required to establish federal diversity jurisdiction. Rather than the undersigned, it appears that defense counsel, in his rush to get the case out of Bronx County, has engaged in forum shopping.

15.    It is clear that the defendants' opposition fails to warrant the denial of the plaintiff's motion. There is no tangible support for the amount in controversy element of the defendants' required showing. In fact, the defendants' entire opposition amounts to nothing more than arguments based on quasi-estoppel and judicial economy. These arguments have been thoroughly rebutted.

16.    It is well-settled that the removal statute is to be strictly construed and that the defendant must satisfy the elements of federal jurisdiction (including the amount in controversy, where applicable). The defendants' removal and opposition to the plaintiff's motion for remand totally ignore the well-settled requirements applicable to these issues.

17.    The plaintiff is not responsible for the additional time and effort required to effect the remand back to State Court, as the plaintiff is not required to bargain away her right to full damages (whatever they may be) where the defendants have not sustained their burden of showing a reasonable probability that the damages reach the level required

for diversity jurisdiction.  The weakness of the defendants' initial arguments, and the weakness and lack of legal foundation of their opposition to the plaintiff's Motion for Remand mitigate in favor of an award of attorney's fees for the plaintiff.  While the defendants' position may not rise to the level of bad faith or frivolous conduct (which need not be shown to warrant attorneys' fees), the opposition to the plaintiff's motion, lacking any factual or legal merit, has brought them much closer to that level.

18.    Accordingly, the plaintiff has had to conduct significant additional litigation to combat the defendants' improper removal, and has had to rebut the meritless arguments with which the defendants opposed the Motion for Remand.  All of the work expended at this stage has done absolutely nothing to advance the plaintiff's case, but is only designed to return her case to the forum which she initially and properly designated.

19.    Should this Court see fit to award attorney's fees, the undersigned will submit a declaration in support of same, setting forth the time actually spent on these issues, together with a time sheet and a supported request for an hourly rate.

## *CONCLUSION*

20.    For all of the reasons stated herein, it is respectfully submitted that the instant action must be remanded to the Supreme Court of the State of New York, County of Bronx.  Furthermore, it is respectfully submitted that the plaintiff should be awarded costs and attorneys' fees in connection with the remand, as the basis for the defendants' removal was patently insufficient and the defendants' opposition was patently without merit, all of which caused the plaintiff additional time, labor and expense which, in all fairness, should be assessed against the defendants who were the cause of that

unnecessary burden.

**WHEREFORE**, it is respectfully requested that this action be remanded to the Supreme Court of the State of New York, County of Bronx, on the ground that the defendants have failed to satisfy their burden of proof of demonstrating, to a reasonable probability, that this Court has diversity-based subject matter jurisdiction over this action.

Dated:      Port Chester, New York
            August 6, 2007

                                        **KLEIN & FOLCHETTI**
                                        Attorney for Plaintiff

                                        BY:_____/s/_____
                                            ROBERT W. FOLCHETTI  (RF 0527)
                                        219 Westchester Avenue, 6th Floor
                                        Port Chester, New York  10573
                                        Tel. (914) 934-8792

To:    Law Office of Thomas K. Moore
       Attorneys for Defendants
       701 Westchester Avenue, Suite 101W
       White Plains, New York  10604
       Tel. (914) 285-8500