

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DIOMINA ASTO,

                           Plaintiff,

      -against-                                     07 Civ. 4787 (KMK)(GAY)

THERESA R. BETTER and ROBERTO BETTER,

                           Defendants.

-------------------------------------------------------------------x

## MEMORANDUM DECISION AND ORDER

I. <u>Procedural History</u>

Plaintiff commenced this personal injury action in the State of New York, Supreme Court, Bronx County. The complaint alleges in part that plaintiff suffered "serious, severe and permanent personal injuries" as a result of a fall that occurred on January 26, 2004 in the defendants' driveway. Plaintiff did not claim a specific amount of damages as required by New York law. Defendants then removed the case to this district. Plaintiff has now moved to remand the case back to the Supreme Court, Bronx County, on the sole ground that defendants have not shown that the $75,000 jurisdictional threshold has been met.

II. <u>Discussion</u>

CPLR § 3017(c) mandates that the specific amount claimed not be included in the complaint. 28 U.S.C. § 1332(a) allows federal courts to exercise diversity jurisdiction where the matter in controversy is a least $75,000. Plaintiff contends that defendants have not met their burden of showing that the case herein involves $75,000 or more;

and, thus, the case should be remanded back to the Supreme Court, Bronx County. For the reasons that follow, the motion to remand is denied.

As regards the $75,000 amount in controversy requirement, this Court finds <u>Burr v. Toyota Motor Credit Co.</u>, 478 F.Supp.2d 432 (S.D.N.Y. 2006) to be persuasive. Defendants do bear the burden to show that there is "a reasonable probability that the claim is in excess of the statutory jurisdictional amount." <u>Id</u>. at 438 (citation omitted). However, where no amount is specified, as here, that "fact alone does not bar a finding that the jurisdictional amount has been met." <u>Id</u>. (citation omitted). "In such cases, courts examine the nature of the claims, factual allegations within the pleadings, and the record outside the pleadings to determine the amount in controversy." <u>Id</u>. (citation omitted).

Here, plaintiff in her complaint alleges that she has suffered "serious, severe and permanent personal injuries." Moreover, plaintiff has not disputed defendants assertions that the injury involves a fractured right tibia and fibula. The Court concludes that defendants have shown that there is a reasonable probability that the claim is in excess of the $75,000 federal diversity jurisdiction requirement.

## Conclusion

The motion to remand the case to the Bronx County, Supreme Court is denied. No costs or attorneys fees.

## Telephone Conference

A telephone conference, to be initiated by plaintiff, is to be held on October 11, 2007 at 10:30 a.m.

Dated: October 1, 2007
White Plains, New York

SO ORDERED:

_____
GEORGE A. YANTHIS, U.S.M.J.